**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-10371

(Summary Calendar)
_____

NATIONAL FAMILY CARE LIFE INSURANCE,

Plaintiff-Appellant,

versus

CANADIAN IMPERIAL BANK OF COMMERCE,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
(3:96-CV-1902-BD)

October 7, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

National Family Care Life Insurance Company ("NFC") appeals the trial court's grant of summary judgment to Canadian Imperial Bank of Commerce ("CIBC") on the grounds that the trial court erred in holding the "holder in due course" defense applicable to actions for conversion and money had and received.

Pursuant to 28 U.S.C. § 636(c), the parties tried the case

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

before a United States Magistrate Judge.  For the reasons set forth in the magistrate's final order, we AFFIRM the dismissal of NFC's claims.  We find additional support for the magistrate's ruling in *Texas Stadium Corp. v. Savings of America*, 933 S.W.2d 616, 619 (Tx. Ct. App. 1996, writ denied) (holding that final payment rule bars common law causes of action for negligence, conversion, and money had and received, where "payment or acceptance of any instrument is final if made in favor of (1) a holder in due course or (2) a person who has in good faith changed his position in reliance on the payment") (citations omitted).

AFFIRMED.